UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>**Coty Phachansiri**</u>

    v.                                                                           Case No. 24-cv-00267-PB-AJ
                                                                                   Opinion No. 2025 DNH 083

<u>**U.S. Social Security Administration,
Commissioner**</u>

**MEMORANDUM AND ORDER**

      Coty Phachansiri challenges the denial of his application for disability insurance benefits pursuant to 42 U.S.C. § 405(g). Phachansiri contends that he became disabled due to posttraumatic stress disorder (PTSD), attention-deficit hyperactivity disorder (ADHD), and anxiety disorder. The Administrative Law Judge (ALJ) determined that Phachansiri retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the following nonexertional limitations: he could only perform simple, routine tasks, could tolerate the minimum social demands of simple-task settings, and could tolerate simple changes in routine. Based on this RFC determination and the testimony of a vocational expert, the ALJ concluded that jobs existed in significant numbers in the national economy that Phachansiri could perform.

Phachansiri argues that the ALJ's RFC determination was not supported by substantial evidence because the ALJ improperly weighed the medical opinions in the record, resulting in the ALJ submitting a flawed hypothetical to the vocational expert and an erroneous finding at step five of the sequential analysis under 20 C.F.R. § 404.1520. The Commissioner, in turn, moves for an order affirming the ALJ's decision. For the reasons stated below, I conclude that the ALJ's finding that Phachansiri was not disabled is supported by substantial evidence.

## I. BACKGROUND[1]

### A. Procedural Facts

Phachansiri applied for Title II Social Security Disability Insurance Benefits on May 13, 2022, alleging a disability onset date of June 20, 2020. Tr. at 19. His date last insured was March 21, 2021. He was 35 years old on the alleged onset date, held a high school diploma, and had previously worked as an auto mechanic, coffee delivery driver, kitchen assistant, and security guard. Tr. at 38-43, 59.

His application was initially denied, and the denial was upheld on April 28, 2023. Tr. at 19. A video hearing was held on January 11, 2024, at which

---

[1]  The parties have submitted statements of material facts as required by Local Rule 9.1(b), and I draw on the entire administrative record ("Tr.") to construct a brief factual history of Phachansiri's case. See Doc. 4-2; Doc. 6.

Phachansiri was represented by counsel and a vocational expert testified. Tr. at 33-56. On March 27, 2024, the ALJ issued a decision finding that Phachansiri was not disabled, concluding that he could perform jobs existing in significant numbers in the national economy. Tr. at 27. The Appeals Counsel denied review, rendering the ALJ's decision the final decision of the Commissioner. Tr. at 1. On August 29, 2024, Phachansiri filed the present action seeking reversal of the Commissioner's decision. See Doc. 1.

B.     **RFC Finding and Medical Opinion Evidence**

The ALJ determined as part of the five-step sequential process discussed further below, that Phachansiri retained the RFC "to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can perform simple, routine tasks, he can tolerate the minimum social demands of simple task settings, and can tolerate simple changes in routine." Tr. at 24. This RFC determination was based on the ALJ's evaluation of medical opinions from three types of sources: (1) assessments by his primary care provider and counselor based on longitudinal treatment; (2) evaluations conducted in connection with Phachansiri's application to the New Hampshire Aid to the Permanently and Totally Disabled (APTD) program; and (3) assessments by state agency consultants during the Social Security benefits application process. Because

these assessments form the basis of Phachansiri's challenge, they are discussed in detail below.

1.  Primary Care Provider and Counselor

Dr. Peter Cook, Phachansiri's primary care provider since late 2019, completed a Mental Residual Capacity Assessment on November 6, 2023, opining that Phachansiri had extreme limitations in understanding simple instructions, completing a normal workday, interacting with coworkers, and traveling to unfamiliar places, as well as marked limitations in adapting to workplace changes, interacting with the public, and making simple work-related decisions. Tr. at 546-49. However, Dr. Cook's treatment notes consistently described Phachansiri as alert, with a normal mood and affect. See Tr. at 448, 459, 464, 469, 474, 479. In October 2020, Phachansiri scored zero on a standardized screening for depression and generalized anxiety. Tr. at 478-79. Dr. Cook's notes reflect that in January and June 2021, Phachansiri reported increased anxiety, attributed in part to the stress of having a new baby at home. Tr. at 461, 466. In July 2021, he reported improvement in his anxiety and denied experiencing depression. Tr. at 456. At a final visit in December 2021, he admitted to anxiety "of variable severity." Tr. at 444. The ALJ found Dr. Cook's November 6, 2023, opinion unpersuasive because it is "unsupported by his own treatment record

4

showing him to have normal mood and is inconsistent with the record as a whole." Tr. at 26.

Phachansiri also received regular counseling from Dr. Colby Batkins at Bodhi Counseling between July 2021 and November 2023 for treatment of adjustment disorder, anxiety, and PTSD. See Tr. at 550-805. Progress notes indicated therapeutic gains, with records from July 2022 noting he was "progressing very well toward controlling his stress levels and anxiety using coping skills and taking larger issues one step at a time." Tr. at 694. Mental status evaluations generally reflected normal functioning, though he was occasionally described as "irritable." Tr. at 744, 804.

2. APTD Application Evaluations

Dr. Michael Weil conducted a telephonic consultative examination on February 21, 2023, as part of Phachansiri's APTD application. Tr. at 515-21. During the examination, Dr. Weil observed that Phachansiri was "quite verbal," requiring him to "set limits on his verbalizations in order to ask questions of him." Tr. at 517. He "spoke loudly with some pressure" and "tried to take over the dialogue." Tr. at 518, 524. Weil noted that he made some mistakes because he was answering questions quickly in an effort to "display his prowess with the tasks at hand." Tr. at 524. Phachansiri appeared irritated when redirected. Id. Phachansiri reported significant stress related to his fiancée's illness and his responsibility for their 2-year-old

5

child. Tr. at 517. Nevertheless, Phachansiri scored 23 out of a possible 24 on the objective examination, putting him "well within the normal range of basic cognitive functioning." Tr. at 524. He also demonstrated intact orientation, short-term memory, reasoning abilities, and basic language skills. Tr. at 518. Dr. Weil diagnosed ADHD, chronic PTSD, and an unspecified personality disorder and opined that Phachansiri could learn and perform both simple and complex tasks but would have difficulty with work pace due to impulsivity and irritability. Tr. at 519-20, 527. The ALJ found Dr. Weil's opinion less persuasive "as it is based on a one-time examination of the claimant and is for the purpose of another governmental program" and "appears to be largely based on the claimant's subjective complaints and inconsistent with the medical record as a whole." Tr. at 25.

Dr. Jennifer Perry[2] also rendered an opinion in connection with Phachansiri's ATPD application, finding slight limitations in carrying out simple instructions and moderate limitations in concentration, social interaction, and adapting to workplace changes. Tr. at 26, 541-42. The ALJ found Dr. Perry's opinion "generally persuasive as it is supported by examination findings and consistent with the record as a whole" but still less

---

[2]   The ALJ misidentified "Jennifer Birt LPC CRC CVE" as the author of the summary. See Tr. at 26. The ATPD Medical Review Summary was prepared by Dr. Jennifer Perry but was "reviewed" by Jennifer Birt. See Tr. at 529, 542.

6

persuasive than the state agency consultants because it was rendered for a different governmental program. Tr. at 26.

    3.    <u>State Agency Consultants</u>

The ALJ found most persuasive the opinions of two state agency psychological consultants, Dr. Russell Phillips and Dr. Craig Stenslie, rendered during the Social Security application process. Tr. at 25, 59-89. Both concluded that Phachansiri had no severe physical impairments and could maintain attention for two hours at a time, persist at simple tasks over an eight-hour day, tolerate the minimum social demands of simple-task settings, and tolerate simple changes in routine. <u>Id.</u> The ALJ found these opinions most persuasive because the consultants "have program knowledge and their findings are supported by the medical record and consistent with mental examination findings." Tr. at 25.

## C.    The Five-Step Sequential Process and ALJ Decision

The Social Security Act defines "disability" for purposes of Title II as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled, the Commissioner must follow a sequential five-step process. 20 C.F.R. § 416.920. If the claimant has met his

7

burden at steps one through four, then the burden shifts at step five to the Commissioner to produce evidence showing that, considering his age, education, work experience, and RFC, the claimant can still do other jobs that exist in significant numbers in the national economy. Id. at § 404.1560(c)(2).

At step one, the ALJ found that Phachansiri had not engaged in substantial gainful activity since June 20, 2020, the alleged onset date. Tr. at 22. At step two, the ALJ found that Phachansiri had the severe impairments of "personality disorder, anxiety disorder, attention deficit/hyperactivity disorder (ADHD), and posttraumatic stress disorder[.]" Id. At step three, the ALJ found that none of Phachansiri's impairments, considered individually or in combination, qualified for any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. § 404.1520(d); Tr. at 22. While the ALJ found slight-to-moderate mental impairments at step three, they did not amount to two "marked" limitations or one "extreme" limitation. Tr. at 23.

At step four, the ALJ found that Phachansiri had the RFC "to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can perform simple, routine tasks, he can tolerate the minimum social demands of simple task settings, and can tolerate simple changes in routine." Tr. at 24. The ALJ also found that

8

Phachansiri's nonexertional limitations made him unable to perform any past relevant work. Tr. at 27.

During the video hearing on January 11, 2024, the ALJ asked the vocational expert whether a hypothetical individual with the same RFC as Phanchansiri could perform jobs existing in significant numbers in the national economy. Tr. at 53-54. The vocational expert testified that such an individual could perform jobs existing in significant numbers in the national economy, including hand packager (DOT #920.587-018, 29,000 jobs), sandwich maker (DOT #317.664-010, 25,000 jobs), and bus cleaner (DOT #919.687-014, 50,000 jobs). Id. The vocational expert further testified that an individual who would be "off task" up to 15 percent of the workday or who would consistently miss two days or more per month due to mental health symptoms would be precluded from competitive employment, while an individual who would be off task only 10 percent of the workday would remain capable of performing work. Id.

The ALJ found at step five that based on Phachansiri's age, education, work experience, and residual functional capacity, jobs existed in significant numbers in the national economy that he could perform. Tr. at 27-28. Accordingly, the ALJ concluded that Phachansiri was not disabled under the Social Security Act. Tr. at 28.

## II.   STANDARD OF REVIEW

I am authorized to review the pleadings submitted by the parties and the administrative record and enter a judgment affirming, modifying, or reversing the "final decision" of the Commissioner. See 42 U.S.C. § 405(g). That review is limited, however, "to determining whether the [Commissioner] used the proper legal standards and found facts [based] upon the proper quantum of evidence." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000). I defer to the Commissioner's findings of fact so long as those findings are supported by substantial evidence. Id. Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Irlanda Ortiz v. Sec'y of Health & Hum. Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam) (quoting Rodriguez v. Sec'y of Health & Hum. Servs., 647 F.2d 218, 222 (1st Cir. 1981)).

If the Commissioner's findings are supported by substantial evidence, they are conclusive, even where the record "arguably could support a different conclusion." Id. at 770. But his findings are not conclusive "when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam). "Issues of credibility and the drawing of permissible inference from evidentiary facts are the prime responsibility of the Commissioner, and the

10

resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts." Purdy v. Berryhill, 887 F.3d 7, 13 (1st Cir. 2018) (cleaned up).

## III.  ANALYSIS

Phachansiri challenges the ALJ's decision by arguing that the RFC which the ALJ gave to the vocational expert failed to give appropriate weight to "the opinion of every treating and examining medical expert who offered an opinion on [Phachansiri's] ability to function" and thus the ALJ "substituted his own opinion" on the severity and impact of his mental health diagnoses on his ability to work. Doc. 4-1 at 3, 4. Specifically, he challenges the ALJ's assessment of the opinions of Dr. Cook, Dr. Weil, and Dr. Perry[3] in assessing the extent Phachansiri's nonexertional limitations eroded his occupational base of unskilled work at all exertional levels.

For the reasons stated below, I conclude that the ALJ did not substitute his own opinion for those of these three evaluators but simply found them less persuasive than the opinions of the state agency consultants. As a result, the ALJ had a substantial basis for the RFC finding he made at step four.

---

[3]  Because Phachansiri does not challenge the ALJ's finding that the opinions of the state agency consultants were persuasive, I only address whether the ALJ improperly handled the opinions of his primary care provider, as well as two of the physicians who issued opinions as part of his APTD application.

11

1.  Dr. Cook's Opinion

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). When considering evidence of disability, "treating and examining physician opinions often deserve more weight than the opinions of doctors who review records[.]" Pearson v. Comm'r of Soc. Sec., 839 Fed. App'x. 684, 688 (3d Cir. 2020) (quoting Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011)). Still, an ALJ need not give a treating physician's opinion controlling weight if it is inconsistent with other evidence in the record. See 20 C.F.R. § 404.1527(c)(2); Winchel v. Comm'r of Soc. Sec., 631 F.3d 1176, (11th Cir. 2011).

Phachansiri challenges the ALJ's discrediting of Dr. Cook's finding of extreme limitations in November 2023. Doc. 4-1 at 4. In effect, he contends that the ALJ was looking for evidentiary support for Dr. Cook's opinion where it would not ordinarily be found because Dr. Cook's other treatment notes indicating normal mood and behavior were the result of physical, rather than psychiatric, examinations. Doc. 4-1 at 4.

The ALJ's basis for finding Dr. Cook's opinion in the November 2023 Mental Residual Functional Capacity Assessment unpersuasive was that it was "unsupported by his own treatment record showing him to have normal mood and behavior and is inconsistent with the record as a whole." Tr. at 26, 546-50; 20 C.F.R. § 404.1527(c)(2). Phachansiri effectively asks the Court to credit this one-time evaluation but not Dr. Cook's other treatment notes indicating normal mood and behavior, Tr. 26, 448, 454, 459, 464, 474, 479, which the ALJ found more consistent with the other evidence in the record. Under the circumstances, the ALJ did not err in discrediting a one-time assessment which was out of step with other evidence in the record.

Given that Phachansiri has not come forward with any support for why the ALJ should have credited the November 2023 assessment but not the same physician's extensive treatment notes, I can find no error in the ALJ's finding Dr. Cook's opinion unpersuasive. See 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) [. . .] the more persuasive the medical opinions [. . .] will be."); 20 C.F.R. § 404.1527(c)(2) (ALJ may not give treating physician's opinion controlling weight where it is inconsistent with other evidence in the record).

2. <u>Dr. Weil's Opinion</u>

Phachansiri next argues that the ALJ should not have discredited the opinion of Dr. Weil simply because it was based on a one-time examination. Doc. 4-1 at 3-4. Contrary to Phachansiri's assertion, this was not the sole reason the ALJ discounted Dr. Weil's opinion. The ALJ determined that Phachansiri's behavior during the February 2023 telephone call with Dr. Weil did not accurately reflect his overall functioning, as shown by the larger body of treatment evidence, including Phachansiri's high score of 23 out of 24 on the objective examination administered by Dr. Weil during that same call. Tr. at 25-26.

This was the same conclusion reached by state psychological consultant Dr. Phillips, who reviewed Dr. Weil's report and wrote that Dr. Weil's "opinions were vague but appear to suggest more severe limitations than [his mental examination] findings support, based on [Phachansiri's] presentation." Tr. at 65 (cleaned up). It was thus not improper for the ALJ to discount Dr. Weil's opinion because it was "based on the claimant's subjective complaints and inconsistent with the medical record as a whole." Tr. at 26; see also <u>Natsis v. Berryhill</u>, No. 16-cv-063-LM, 2017 WL 1032258, at *3 (D.N.H. Mar. 16, 2017) ("Medical opinions based on the claimant's subjective reports, rather than objective medical findings, may be entitled to less weight"); <u>Patoski v. Berryhill</u>, 320 F. Supp. 3d 283, 293 (D. Mass. 2018) ("The

14

ALJ can discount a medical opinion when it is not corroborated by adequate supporting explanations or laboratory findings.") aff'd, No. 18-1904, 2019 WL 2574591 (1st Cir. June 24, 2019).

Phachansiri also argues that the ALJ impermissibly discounted Dr. Weil's opinion because it was made "for the purpose of another governmental program." Doc. 4-1 at 4. While New Hampshire's APTD program and the SSA use similar evaluative standards for determining disability, the ALJ did not act inappropriately in giving greater weight to the opinions of state agency psychological consultants, given that their familiarity with the SSA program was more relevant to the instant Social Security disability claim and they had greater access to other evidence in the record than did Dr. Weil. See 20 C.F.R. § 404.1520c(c)(5) (permitting consideration of evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of SSA disability program's policies and evidentiary requirements). I can find no error in the ALJ's handling of Dr. Weil's opinion.

3.  Dr. Perry's Opinion

Phachansiri challenges the ALJ's crediting of Dr. Perry's opinion on the grounds that the ALJ misidentified Dr. Perry as "Jennifer Birt, LPC CRC CVE." Doc. 4-1 at 4. Although the ALJ did incorrectly label the opinion of Dr. Perry as that of the "reviewer" of the state ATPD claim, Tr. at 26, this error was not detrimental to the ALJ's analysis of Dr. Perry's opinion. Tr. at 26,

15

541-42. And although Birt made an ultimate finding of disability under the APTD program, the ALJ was not required to address this determination because it was a statement on an issue reserved to the Commissioner. See 20 C.F.R. § 404.1520b(c).

It is clear from the ALJ's discussion and citations to the record that he was analyzing Dr. Perry's findings. Tr. at 26; 541-42. Phachansiri has not come forward with any other evidence to suggest that the ALJ's finding Dr. Perry's opinion unpersuasive was unsupported by the record. See, e.g., Flood v. Colvin, No. 15-2030, 2016 WL 6500641, at *1 (1st Cir. Oct. 20, 2016) (where substantial evidence supports ALJ's finding, minor errors will not prevent it from being affirmed).

Taken together, the ALJ's findings about the relative persuasiveness of the medical opinions were supported by the record and I can find no fault in them. The ALJ's RFC determination that Phachansiri could perform a full range of work at all exertional levels with some nonexertional limitations—limitations which the vocational expert testified did not erode the occupational base to such an extent that they precluded work in the national economy—was supported by substantial evidence.

To the extent that Phachansiri contends that the evidence before the ALJ could have supported a different finding, this alone is an insufficient basis for concluding that the ALJ's decision was unsupported by substantial

evidence, for I "must uphold the [Commissioner's] conclusion, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence," as it is here. Tsarelka v. Sec'y of Health & Hum. Servs., 842 F.2d 529, 535 (1st Cir. 1988).

## IV.  CONCLUSION

For the foregoing reasons, Phachansiri's motion to reverse the decision of the Commissioner, Doc. 4, is denied, and the Commissioner's motion to affirm the decision, Doc. 5, is granted. The clerk is directed to enter judgment accordingly and close the case.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

July 28, 2025

cc:   Counsel of Record